UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROGER JASKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00514-WTL-MPB |
| | ) | |
| KEVIN GILMORE Asst. Superintendent, | ) | |
| SAMUEL BYRD Doctor, | ) | |
| NAVEEN RAJOLI Doctor, | ) | |
| TERESA LITTLEJOHN Grievance Specialist, | ) | |
| ESTHER HINTON Contract Monitor, | ) | |
| LINDA VANNATTA Grievance Appeals, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint,
Dismissing Certain Claims and Defendants,
And Directing Issuance and Service of Process**

Plaintiff Roger Jaske, an Indiana inmate incarcerated at the Wabash Valley Correctional Facility, commenced this action on November 9, 2017. *In forma pauperis* status was sought and granted, and an initial partial filing fee has been paid. Accordingly, the complaint is now subject to screening pursuant to 28 U.S.C. § 1915A.

I. Legal Standard

Because Mr. Jaske is a prisoner, his complaint must be screened under the requirements of 28 U.S.C. § 1915A. This statute directs the Court to dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*

*v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## II. Plaintiff's Claims

This lawsuit flows from a flu shot given to Mr. Jaske on November 17, 2015. Mr. Jaske contends that after he received the vaccine, his arm was red, painful, and swollen from his shoulder to his wrist. Later his heartbeat became fast and irregular, causing him to take his nitroglycerin pills and aspirin. Mr. Jaske became dizzy, nauseous, and weak for three days. On November 19, a nurse confirmed that Mr. Jaske was having an allergic reaction to the flu shot and reported this to defendant doctor Byrd. Mr. Jaske contends that Dr. Byrd told the nurse to have Mr. Jaske fill out a health care request form instead of seeing Mr. Jaske immediately as the doctor should have done.

On November 24, 2015, when his situation had not improved, Mr. Jaske completed a health care request form. He saw a nurse on November 26, 2015, who confirmed Mr. Jaske was still suffering from an allergic reaction to the flu shot. She reportedly told Dr. Byrd about the allergic reaction but Dr. Byrd still did not see Mr. Jaske. Mr. Jaske also contends that a mental health professional asked Dr. Byrd to examine Mr. Jaske, but Dr. Byrd never did.

On December 15, 2015, defendant Dr. Rajoli saw Mr. Jaske about his flu vaccine reaction. Dr. Rajoli told Mr. Jaske that his condition was not a reaction to the vaccine shot, but instead was only lipoma, a swelling of soft tissue. Dr. Rajoli declined to report Mr. Jaske's condition to a system for recording adverse reactions to vaccines (the "VAERS" system). Although Dr. Rajoli agreed to Mr. Jaske's request to have a biopsy done on his arm, Dr. Rajoli never followed through.

Mr. Jaske submitted a grievance on January 12, 2016, about the denial of medical care for his arm. It was investigated by Kevin Gilmore, who reportedly found that Corizon Health Care's treatment was appropriate. Mr. Jaske contends Gilmore lied and has named him a defendant in his complaint, although his name does not appear in the caption. Dkt. No. 2 at p. 9. It is contended

that Gilmore lied to protect Corizon Health, and that by doing so Mr. Jaske has been denied his right to fairly use the prison grievance system.

Defendant Teresa Littlejohn, the Wabash Valley Correctional Facility grievance specialist, denied Mr. Jaske's formal grievance. Mr. Jaske has named her a defendant because he contends she unfairly denied his formal grievance, overlooked or ignored evidence, and protected Corizon.

When Mr. Jaske lodged a final appeal of his grievance concerning the medical care for his arm, it was denied on February 24, 2016, by Linda Vannatta, the final reviewer for grievances. Mr. Jaske contends Vannatta's decision was based on a review by Esther Hinton, the Corizon Health contract monitor for the Department of Correction. He contends Hinton and Vannatta conspired to deny his grievance appeals and protect Drs. Byrd and Rajoli from liability.

Mr. Jaske contends his left arm is permanently disfigured and painful as a direct result of the flu vaccine injection. All six defendants are liable to him, he contends, for denying him medical care and treatment, evidencing a deliberate indifference to his serious medical needs. Mr. Jaske also alleges liability for cruel and unusual punishment, negligence, conspiracy, and perjury. He seeks compensatory and punitive money damages.

III. Discussion

Mr. Jaske's Eighth Amendment deliberate indifference to his serious medical needs claim **shall proceed** against Dr. Samuel Byrd and Dr. Naveen Rajoli. For the reasons explained below, all other claims and defendants are **dismissed**.

The remaining four named defendants – Gilmore, Littlejohn, Hinton, and Vannatta – are each named for their role in handling Mr. Jaske's grievances and appeals. There is no allegation they had any personal role or participation in the provision of medical services to Mr. Jaske when

he needed treatment for his arm pain. All of the allegations against them concern their role in deciding and denying Mr. Jaske's administrative appeals regarding the manner in which Dr. Byrd and Dr. Rajoli handled, or did not handle, the treatment of his arm. The complaint fails to state a claim upon which relief can be granted against these four person for several reasons.

First, in actions brought under 42 U.S.C. § 1983, like Mr. Jaske's, liability is dependent on personal participation in the relevant conduct. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) (in Section 1983 actions, liability is dependent on personal participation); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (same); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).

Second, just because Mr. Jaske made these grievance officials aware of the alleged deliberate indifference of Drs. Byrd and Rajoli, this does not make them liable for the alleged indifference. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Third, Mr. Jaske has no constitutional right to a particular result, even a correct result, in a grievance process. Generally, there is no constitutional right to a certain result in grievance procedures. *Burks*, 555 F.3d at 595 (prison administrators who handle inmate grievances are not liable simply because they deny some of the grievances); *Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006). Moreover, however, "[a]ny right to a grievance procedure is a procedural

right, not a substantive one" and, therefore, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995); *Shango v. Jurich*, 681 F.2d 1091, 1100–01 (7th Cir. 1982) (holding that protected liberty interests are not triggered by state-created procedural protections). *See also Kentucky Dept. Of Corrections v. Thompson*, 490 U.S. 454, 460–65 (1989); *Reed v. Clark*, 984 F.2d 209, 210 (7th Cir. 1993). Even a state's violation of its own grievance procedures does not deprive an inmate of federal constitutional rights, and therefore, is not actionable under section 1983. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

The complaint is **dismissed** as to defendants Kevin Gilmore, Teresa Littlejohn, Esther Hinton, and Linda Vannatta. The **clerk is directed** to update the docket to reflect that Dr. Samuel Byrd and Dr. Naveen Rajoli are the only defendants.

This discussion of the complaint identifies the only viable claims and defendants. All other claims have been dismissed. Should Mr. Jaske believe the Court has overlooked a claim or defendant, he shall have through January 5, 2017, in which to identify those claims and/or defendants and show why they should be reinstated or added to this action.

## IV.  Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Samuel Byrd and Dr. Naveen Rajoli in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## V. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff shall report any change of address to the Court, in writing, within ten days of any change.

The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 12/12/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Roger Jaske
1983
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Dr. Samuel Byrd
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN 47838

Dr. Naveen Rajoli
Medical Provider
Wabash Valley Correctional Facility
6908 S. Old US Highway 41
Carlisle, IN 47838

Courtesy Copy to:
Jeb Crandall
jeb@bleekedilloncrandall.com